IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SHA'DARIUS HOUSLEY, by and through his Next Friend, William Hubbard, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:17-CV-00577-DGK |
| THE DIAL CORPORATION, a Henkel Company, AND DOMINIQUE HOUSLEY, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO REMAND

This lawsuit arises out of an accident where Plaintiff, a minor who suffers from mental and physical disabilities, ingested a Purex Ultrapack laundry pod while at his mother Defendant Dominique Housley's ("Housley"), house and under her supervision. Plaintiff alleges as a result of ingesting the laundry pod, he suffered serious health complications. On May 13, 2016, Plaintiff filed suit against The Dial Corporation ("Dial") for product liability and Housley for negligent supervision, in the Circuit Court of Jackson County, Missouri.

Defendant Dial removed this case by invoking the Court's diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, and 1446, claiming Plaintiff fraudulently joined Missouri resident Housley to prevent removal.

Now before the Court is Plaintiff's Motion to Remand (Doc. 6). Finding Plaintiff may be able to maintain a cause of action for negligence against Housley, the Court holds Dial has not proven fraudulent joinder. Consequently, the motion is GRANTED.

**Background**

The state court petition alleges the following. Plaintiff is a minor child who suffers from mental and physical disabilities. While Plaintiff was at Housley's home, he gained access to a container of laundry pods and ingested one or more of them. As a result, he sustained injury to his trachea and airway. Due to his pre-existing disability, this new injury caused additional injuries to his neurologic, respiratory, gastrointestinal, and vascular systems.

On May 13, 2016, Plaintiff filed suit in the Circuit Court of Jackson County, Missouri, against Dial alleging claims of product liability, and Housley for negligent supervision. Dial, a foreign corporation, then removed the action to this Court on July 13, 2017, based on the Court's diversity jurisdiction. At all times relevant to this suit, Plaintiff and Housley were residents of Missouri.

In its notice of removal, Dial alleged Housley was fraudulently joined in order to destroy diversity, and but for that fraudulent joinder, this Court possesses diversity jurisdiction over the suit. Because this alleged improper joinder destroys complete diversity of citizenship, Dial requests the Court disregard Housley's citizenship when determining whether it possesses subject matter jurisdiction over this case. Additionally, Dial argues their Notice of Removal was timely because Plaintiff acted in bad faith concealing information with which Dial could ascertain that the case was removable, and therefore the one year limitation in 28 U.S.C. § 1446(b)(3) is inapplicable. In response, Plaintiff argues Housley was properly joined as a person subject to liability under Missouri law.

**Standard of Review**

An action may be removed by the defendant where the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original

subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. *Id.* § 1447(c). To invoke the court's diversity jurisdiction the parties must be citizens of different states and the amount in controversy must exceed $75,000. *Id.* § 1332(a). Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant extinguishes federal jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

The burden of establishing federal jurisdiction is on the party seeking removal. *In re Bus. Men's Assurance Co. of Am.*, 922 F.2d 181, 183 (8th Cir. 1993). In considering a motion to remand, removal statues are strictly construed, and the court resolves all doubts in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a nondiverse defendant solely to prevent removal." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)). "Under the doctrine of fraudulent joinder, a court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat removal." *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009).

**Discussion**

Dial has the burden to demonstrate diversity exists in this case. It can only do so by showing diversity spoiling defendant Housley was fraudulently joined. If Housley was fraudulently joined, the Court must then determine whether Dial timely removed this action to federal Court.

3

Dial argues Housley was fraudulently joined primarily because it claims Plaintiff has no real intention of prosecuting his claim against Housley. Dial points to a series of circumstances it alleges demonstrates collusion between Housley and Plaintiff. For example, Plaintiff's counsel represented Housley and her husband regarding Plaintiff's ingestion of the laundry pod before Plaintiff filed this case. In addition, Dial asserts Plaintiff has not actively litigated his case against Housley. For example: Plaintiff did not serve discovery on Housley; Plaintiff did not notice Housley for a deposition; during Dial's deposition of Housley, Plaintiff did not ask any questions of Housley; and Plaintiff filed motions in limine to prevent Dial from introducing evidence regarding Housley's fault, which would be favorable to Plaintiff's claim against Housley. Dial also asserts Housley has no intention of defending herself in this case. For example: Housley did not assert any affirmative defenses in her answer to Plaintiff's petition; she did not serve Plaintiff with any discovery requests; and Housley filed a motion to strike Dial's expert witness whose testimony was expected to reduce the potential damages for which Ms. Housley could be liable. Also notable, during Dial's deposition of Housley, Housley stated she did not know what she was accused of doing as it related to the lawsuit, and that she did not know what it meant to be a defendant in the lawsuit. Based on this, Dial claims Housley is really a plaintiff in this case and not a defendant.

Plaintiff contends he is actively litigating this case against Housley, but that fact is immaterial to the issue of remand. As to remand, Plaintiff asserts the negligent supervision count in his petition against Housley has a reasonable basis in law and fact, thus, Housley was properly joined in this lawsuit.

Since the Eighth Circuit does not consider a plaintiff's intention of prosecution and a Missouri court might impose liability on Housley for negligence, the Court holds Housley was not fraudulently joined in the lawsuit.

The Court first addresses the factors considered in determining whether a diversity destroying defendant is fraudulently joined. Joinder is fraudulent where "the applicable state precedent precludes the existence of a cause of action against the defendant." *Filla*, 336 F.3d at 810. "However, if there is a colorable cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Id.* at 810-11 (citation omitted) (emphasis added). Thus, "joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Id.* at 811 (quoting *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)).

Dial relies on *Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185, 187 (E.D. Mo. 1995), to argue fraudulent joinder can also be established if the "court finds the plaintiff has no real intention of prosecuting the action against the resident defendant." Def's. Sugg. in Supp. at 11 (Doc. 10). However, the *Filla* court did not include consideration of the plaintiff's intention to follow through with claims against the resident defendant. *Filla* only analyzed fraudulent joinder with respect to the reasonable basis for the claim against the resident defendant under state law. *See, e.g.*, *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) ("[J]oinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" (quoting *Filla*, 336 F.3d at 811)).

Dial also argues *Filla* articulates only one aspect of the fraudulent joinder standard. It cites to *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225 (D.N.M. Oct. 31, 2014), to support their argument fraudulent joinder can also exist when "a plaintiff collude[es] with a non-diverse

defendant to defeat removal." *Aguayo*, 59 F. Supp. 3d at 1251. *Aguayo* is not binding authority on this court. In addition, *Filla* seems to articulate the entire fraudulent joinder standard in the Eighth Circuit, not one aspect of it as Dial argues.[1]

Accordingly, the Court will not apply the "no real intention of prosecuting the action" element in finding fraudulent joinder from *Reeb*, or consider whether Plaintiff colluded with Housley under *Aguayo*, but instead will utilize the approach applied in *Filla* and the other more recent Eighth Circuit decisions.

Next, the Court must determine whether there is a reasonable basis for the claim against Housley, that is, whether a minor child could maintain a cause of action against his mother for negligent supervision.

Negligent supervision of a child is a recognized cause of action in Missouri. *E.g.*, *Smith, by & through Smith v. Archbishop of St. Louis on behalf of Archdioceses of St. Louis*, 632 S.W.2d 516, 522, 532, n.2 (Mo. Ct. App. 1982) (outlining the elements of negligent supervision); *O.L. v. R.L.*, 62 S.W.3d 469, 474 (Mo. Ct. App. 2001) (explaining the difference between negligent supervision of a child and negligent supervision of an adult). Since the abrogation of parental immunity, a minor child may maintain a negligence cause of action against his parent. *Hartman by Hartman v. Hartman*, 821 S.W.2d 852 (1991) (abrogating parental immunity and imposing a reasonable parent standard). Thus, under Missouri law, a minor child could maintain a cause of action against his parent for negligent supervision.

Missouri courts explain the duty of care in negligent supervision of a child includes protecting the child against harm by instrumentalities or conditions of land or personal property.

---

[1] "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent. . . . [T]he court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Filla*, 336 F.3d at 810-11.

*See Smith*, 632 S.W.2d at 518-19 (child injured when costume set afire by burning candle on teacher's desk). The duty of care also includes protecting the child from self-imposed injury. *See Rogger v. Voyles*, 797 S.W.2d 844, 846 (Mo. Ct. App. 1990) (13-year-old child drove automobile and lost control). "Proof of the necessary predicate relationship [between the child and tortfeaser], . . . establishes . . . the existence of a duty of care." *O.L.* 62 S.W.3d at 475.

Here, a reasonable basis in fact and law exists to support Plaintiff's claim of negligent supervision against Housley. The petition claims Housley is Plaintiff's mother, she breached her duty to exercise ordinary care, thereby causing Plaintiff's injuries. It is reasonable under Missouri negligence law that a court may impose liability on a parent for failing to use reasonable care in the supervision of her child. Thus, this Court cannot conclude Plaintiff fraudulently joined Housley to this suit since a reasonable basis exists to support this claim.[2] For purposes of diversity, Housley's citizenship is not ignored, and diversity is not met under 28 U.S.C. § 1332(a), making remand proper. Even if the Court were unsure whether Plaintiff properly presented a claim against Housley, any ambiguity or doubt as to whether removal was proper warrants remand. Finding the Court lacks diversity jurisdiction, the Court does not address the parties' arguments as to whether Dial timely removed this action.

## Conclusion

Because a Missouri court might impose liability on Housley for negligence, Dial has not carried its heavy burden of proving fraudulent joinder. Housley's continued presence in this lawsuit destroys complete diversity of citizenship, thus subject matter jurisdiction does not exist under 28 U.S.C. § 1332. Accordingly, Plaintiff's Motion is GRANTED, and this case is remanded to state court pursuant to 28 U.S.C. § 1447(c).

---

[2] The facts surrounding the initiation of this lawsuit and vigor with which Housley has defended herself, create a concern for the Court.

**IT IS SO ORDERED.**

Date: August 1, 2017           /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT COURT